IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSA MARIA RAKAY | § |
| | § |
| V. | §   1:20-cv-0575-LY |
| | § |
| HYATT CORPORATION, et al. | § |

**ORDER**

Before the Court are Plaintiff's Opposed Motion to Compel Defendants' Responses to Requests for Production (Dkt. No. 20); Defendants' Response (Dkt. No. 23); and Plaintiff's Reply (Dkt. No. 25). The District Court referred the motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

**I.  BACKGROUND**

This lawsuit arises from a bicycle accident that occurred on July 25, 2018, at the Hyatt Regency Lost Pines Resort and Spa in Lost Pines, Texas. Plaintiff Rosa Maria Rakay makes negligence claims from injuries she sustained riding a bicycle down a hill at the Resort. She asserts Defendants negligently provided a bicycle with a broken pedal, leading to her crash and subsequent injuries.  Rakay further makes a claim for premises liability for the dangerous condition of a bicycle path and the failure to properly inspect, warn or make the path safe. Defendants contend that Rakay was injured because she negligently ignored signs indicating that the hill was off-limits to bike riders.

Rakay served her First Requests for Production to Defendants with her Original Petition on May 7, 2020. The First Requests for Production included the following Request No. 1:

> REQUEST FOR PRODUCTION NO. 1: Provide all reports, complaints, notifications and/or other documents reflecting any failure to properly maintain bicycles at Defendant Hyatt Regency Lost Pines Resort for 5 years before the incident in question through the date of the incident in question.

Defendants each timely objected to Request for Production No. 1 as follows:

> RESPONSE: Defendant objects to this Request as it is overly broad and not reasonably limited in scope. Defendant further objects to this Request because it seeks production of documents that are neither relevant to any issue of law or fact, nor reasonably calculated to lead to the discovery of admissible evidence.

On December 10, 2020, Rakay served Defendants Hyatt Corp and HR Lost Pines with her Second Set of Interrogatories and Request for Production. The Second Requests included the following Request No. 8:

> REQUEST FOR PRODUCTION NO. 8: Provide all reports, complaints, notifications and/or other documents reflecting any crashes and/or falls from bicycles on the path in the area where the incident made the basis of this lawsuit occurred.

Defendant Hyatt Corp and HR Lost Pines objected to Request for Production No. 8 as follows:

> RESPONSE: Defendants object to this Request as it is overly broad and not reasonably limited in scope as to time. Defendants further object to this Request because it seeks production of documents that are neither relevant to any issue of law or fact, nor reasonably calculated to lead to the discovery of admissible evidence. Further, there have been no incidents involving bicycles which have resulted in lawsuits.

Plaintiff takes issue with these objections, asserting the requested information is relevant. She asks the Court to compel Defendants to fully respond and provide the information requested. Defendants assert the requests are overbroad, not relevant, and Request No. 8 is not properly limited in time.

## II. LEGAL STANDARD

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any

2

party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. FED. R. CIV. P. 37(a).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc., No.*, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

### III. ANALYSIS

Request No. 1 requests information about Hyatt's maintenance of bicycles for the five years prior to the incident at issue in this case. Defendants argue that:

> [t]his Request is entirely ambiguous and overbroad, and materials related to prior 'failure[s]' to 'properly' maintain bicycles are facially unrelated to Plaintiff's claims because the requested materials would do nothing to make a fact of consequence to Plaintiff's claims any more or less probable.

Dkt. No. 23 at 4. The Court disagrees. Materials related to the failure to properly maintain bicycles, if they exist, would be probative of the Defendants' actions regarding the maintenance of the bicycle Rakay was riding when she fell. FED. R. EVID. 401; *Ramos v. Liberty Mutual Ins. Co., et.al.*, 615 F.2d 334, 338 (5th Cir. 1980). ( "[E]vidence of similar accidents might be relevant to the defendant's notice, magnitude of danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation.").

With regard to Request for Production No. 8, seeking information about any crashes or falls from bicycles in the same area where Rakay crashed, Defendants argue that:

> the materials sought by Request No. 8 are facially overbroad and irrelevant to Plaintiff's claims. Specifically, Plaintiff seeks discovery related to other crashes and/or falls that have nothing to do with the incident in question. The requested materials are irrelevant because would do nothing to make a fact of consequence to Plaintiff's claims any more or less probable.

Dkt. No. 23 at 5. Defendants also assert this request is improper because it is not limited in time. The Court concludes that this Request for Production seeks relevant materials because responsive documents might show the path in issue was in fact dangerous for bicycle riders and could show that Defendants were aware of that fact. Additionally, limiting discovery to crashes and falls that resulted in litigation is unreasonable, as there may have been crashes or falls that did not lead to litigation because they were settled by the parties beforehand or because a party chose not to file a lawsuit though they might have had reason to do so. Having said this, the Court agrees with Defendants that the request should be limited in time, and will thus order production of responsive materials for the five years before the incident in question.

## IV.  CONCLUSION

It is therefore ORDERED that Plaintiff's Opposed Motion to Compel Defendants' Responses to Requests for Production (Dkt. No. 20) is **GRANTED** with the limitation that any Response to Request for Production No. 8 be limited to occurrences in the five years prior to the incident in question.  The responsive materials shall be served on Plaintiff no later than March 22, 2021.

SIGNED this 1st of March, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE